**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Adith Moran Hernandez, <br><br>                    Petitioner, <br><br>          v. <br><br> Markwayne Mullin, et al., <br><br>                    Respondents. | Case No. 5:26-cv-02996-AYP <br><br> **ORDER DISMISSING PETITION AS MOOT** |

## I.    FACTUAL AND PROCEDURAL HISTORY

On June 1, 2026, Petitioner, Wilfredo Manuel Hernandez Soto, an immigration detainee, filed a Petition ("Petition") for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Ex Parte Application for Temporary Restraining Order ("TRO"). (Dkt. Nos. 1, 2.) On June 2, 2026, the Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 4.) That same day, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 6.) The Court denied Petitioner's TRO application on June 2, 2026. (Dkt. No. 7.) Respondents filed an Answer to the Petition on June 9, 2026. (Dkt. No. 10.) On July 21, 2026, Respondents

filed a Notice of Intended Removal stating, "they intend to remove Petitioner shortly in accordance with his final removal order." (Dkt. No. 11; *see also* Dkt. No. 11-2 at 3.) The Court ordered Respondents to provide a status update within Orders Respondents to provide a status update within three (3) days of its order regarding whether Petitioner's removal to Mexico was completed. (Dkt. No. 12.) On August 10, 2026, Respondents filed a status report stating that "Petitioner was removed from the United States on July 31, 2026," and requesting that the petition be dismissed. (Dkt. No. 13.) For reasons discussed below, the Court DISMISSES the Petition as moot.

## II.    DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). *See Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) (stating that a case is moot if it does not present a live controversy for which relief can be granted). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

The Court finds the Petition is now moot. Petitioner filed the instant Petition challenging his continued detention by Immigration and Customs Enforcement ("ICE"). (Dkt. No. 1.) Respondents stated on July 21, 2026, that "they intend to remove Petitioner shortly in accordance with his final removal

order." (Dkt. No. 11.) Petitioner was in fact removed to Mexico pursuant to the Immigration Judge's final order of removal on July 31, 2026. (Dkt. Nos. 11, 13.)

Petitioner challenged his continued and prolonged detention and has since been released via removal to Mexico. As such, Petitioner was removed and is no longer in federal custody. Thus, the Court finds that no live case or controversy exists, and the Petition should be dismissed as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention"); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."). *See Liu v. Noem*, No. 5:26-CV-00891-MRA-PD, 2026 WL 1140133, at \*2 (C.D. Cal. Apr. 10, 2026), *report and recommendation adopted,* No. 5:26-CV-00891-MRA-PD, 2026 WL 1137586 (C.D. Cal. Apr. 27, 2026) (same).

## III.    CONCLUSION

IT IS ORDERED that Respondent's request to dismiss the Petition is GRANTED, and that Judgment be entered dismissing the Petition as moot.

Dated: August 14, 2026

_____
HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE